AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No.   4:15CR00525 RLW/DDN |
| ORTEGA MITCHELL | ) |
| *Defendant* | ) |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of ☐ a federal offense   ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed - that is

   ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4)or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

   ☐ an offense for which the maximum sentence is death or life imprisonment.

   ☐ an offense for which a maximum prison term of ten years or more is prescribed in _____ .*

   ☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

   ☐ any felony that is not a crime of violence but involves:
      ☐ a minor victim
      ☐ the possession or use of a firearm or destructive device or any other dangerous weapon
      ☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the   ☐ date of conviction   ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition  will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense
   ☐ for which a maximum prison term of ten years or more is prescribed in _____ .
   ☒ under 18 U.S.C. § 924(c).

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

AO 472 (Rev. 09/08) Detention Order Pending Trial

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

☒ (2)  The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

☒ (1)  There is a serious risk that the defendant will not appear.

☒ (2)  There is a serious risk that the defendant will endanger the safety of another person or the community.

The information set out in the written report of the Pretrial Services Agenncy submitted to the court on June 16, 2016 is adopted here.

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by ☒ clear and convincing evidence ☐ a preponderance of the evidence that

no condition or combination of conditions will reasonably assure the safety of another person or the community, and by a preponderance of the evidence that defendant is a flight risk to the extent that no conditions or combination of conditions will reasonably assure the defendant's appearance.  Defendant is charged in a four-count indictment with conspiracy to distribute marijuana; conspiracy to kidnap and two counts of possessing and brandishing a firearm in furtherance of a drug trafficking crime.  The two Section 924(c) counts carry penalties of no less than seven years and no more than life, consecutive to the other charges in this case, if defendant is convicted.  These charges carry a rebuttable presumption of detention.  The government asks for detention and the court held a hearing on the matter with defendant present.  Counsel for the government argued that defendant was a fugitive who knew about the charges and that the FBI was looking for him.  He is alleged to have regularly traveled to California, and there is a victim connected to this case.  Defense counsel argued that defendant is presumed innocent.  He has a limited criminal history.  He is also a college student with lifelong ties to Southern Illinois and he is active in his fraternity.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date: 7/15/2016

/s/ Noelle C. Collins
*Judge's Signature*

Noelle C. Collins, U.S. Magistrate Judge
*Name and Title*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**U.S.A. v. ORTEGA MITCHELL****Page 3 of 3**
**4:15CR525 RLW/DDN**

Defendant has a conviction in Edwardsville, Illinois for unlawful use of black jack knife on September 23, 2009.  Judgment was withheld and he was sentenced to six months supervision and ordered to pay a fine and costs.  He also has a conviction for possession of cannabis on October 3, 2011.

Defendant has a cousin in Southern Illinois with whom he can reside.  However, he has no permanent residence or verifiable employment.  Defendant reported use of marijuana and he claimed no substance abuse treatment in the past.  The Pretrial Report notes that defendant lacks financial, employment and family ties to the Eastern District of Missouri.  He also has two active bench warrants for failure to appear in St. Clair County, Illinois.

Based on the above, the undersigned finds that defendant should be detained.  He has not overcome the rebuttable presumption of detention.  Defendant has a history of marijuana use, which makes him a danger.  There is a victim in this case, and there are allegations of kidnapping.  Defendant likely faces a substantial sentence if convicted here, which gives him further incentive to flee.  Therefore, defendant should be detained.