UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:15CR525 RLW (DDN) |
| ORTEGA MITCHELL, | ) ) ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS COUNTS ONE AND TWO OF THE INDICTMENT**

COMES NOW the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Cristian M. Stevens, Assistant United States Attorney for said District, and for its response to defendant's motion to dismiss counts one and two of the indictment, states as follows:

### I.   ARGUMENT

With his motion, defendant would have this Court dismiss counts one and two of the indictment, which charge defendant and others with conspiring to distribute marijuana and possessing a firearm in furtherance of that conspiracy.  Defendant's premise is that "Count One does not allege any criminal activity by any defendant in the Eastern District of Missouri," Motion ¶3, and "Count Two is predicated on Count One," Motion ¶4.

Defendant's argument simply is false.  Count one plainly states that defendant, his co-conspirators, and others, known and unknown, conspired to distribute marijuana "in the Eastern District of Missouri and elsewhere."  Likewise, count two concisely charges that defendant, his co-conspirators, and others, known and unknown, possessed and brandished a firearm in furtherance of the marijuana conspiracy "in the Eastern District of Missouri and elsewhere."

At this stage, the charges in the indictment, which the Government will prove at trial, must be accepted as true on their face and cannot be challenged by means of a motion to dismiss. To be legally sufficient on its face, an indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1); Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Nabors, 45 F.3d 238, 239 (8th Cir. 1995). The counts challenged by defendant are legally sufficient, and defendant does not appear to argue otherwise. Instead, defendant erroneously claims that count one fails even to allege that the marijuana conspiracy was committed in the Eastern District of Missouri.

Defendant also argues that "there is no evidence of a conspiracy to distribute marijuana between the defendants and the victim." Motion ¶3. By this, defendant apparently suggests that the grand jury lacked sufficient, competent evidence to return the counts in question. To the extent that is defendant's argument, it is not cognizable at this stage of the proceedings. The United States Supreme Court and the Eighth Circuit consistently and repeatedly have held that the allegations in an indictment valid on its face are unassailable. See United States v. Calandra, 414 U.S. 338, 344-45 (1974); United States v. Costello, 350 U.S. 359, 408-09 (1956); United States v. Pemberton, 121 F.3d 1157, 1165 (8th Cir. 1997); United States v. Roach, 28 F.3d 729, 739 (8th Cir. 1994); United States v. Garrett, 797 F.2d 656, 660 (8th Cir. 1986); United States v. Gunter, 631 F.2d 583, 586 (8th Cir. 1980).

Roach is particularly instructive. There, the defendant complained that the grand jury relied on false testimony in returning the indictment in which she was charged. See Roach, 28 F.3d at 739. The Eighth Circuit summarily dismissed the defendant's argument as "entirely meritless." Id. at 739. The court concluded, "It is well settled that an indictment returned by a legally established and unbiased grand jury 'is not subject to challenge on the ground that the

grand jury acted on the basis of inadequate or incompetent evidence.'"   Id. (quoting Calandra, 414 U.S. at 345); see also Pemberton, 121 F.3d at 1165 (relying on Calandra, 414 U.S. at 345, and Roach, 28 F.3d at 739, to reject as "meritless" defendant's argument that grand jury's indictment was based on insufficient information).

Because defendant's motion is baseless on its face, and improperly attempts to assail the veracity and competency of the evidence presented to the grand jury, it should be denied.

## II.   CONCLUSION

For the foregoing reasons, defendant's motion to dismiss counts one and two of the indictment should be denied.

> Respectfully submitted,
>
> RICHARD G. CALLAHAN
> United States Attorney
>
> s/ *Cristian M. Stevens*
> CRISTIAN M. STEVENS (48028MO)
> Assistant United States Attorney
> 111 South Tenth Street, Room 20.333
> St. Louis, Missouri 63102
> (314) 539-2200

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system this 10th day of August, 2016, to Kenneth Schwartz, Counsel for Defendant Mitchell, 7751 Carondelet Ave., Suite 204, Clayton, Missouri 63105.

> s/   *Cristian M. Stevens*
> Assistant United States Attorney