UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15 CR 525 RLW / DDN |
| | ) | |
| ORTEGA MITCHELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

Before the court is the motion of defendant Ortega Mitchell to dismiss Count 1 and Count 2 of the indictment. (ECF No. 99.) Oral arguments were heard on the matter on August 12, 2016.

Defendant Mitchell argues that Count 1 must be dismissed for two reasons. First, as a matter of fact the alleged conspiracy to distribute marijuana was not committed in the Eastern District of Missouri. Defendant argues that, therefore, the prosecution of this crime in this district violates the Constitution and Fed. R. Crim. Pro. 18. Second, defendant argues that the government's case is that there is no evidence of a conspiracy to distribute marijuana between him and the kidnapping victim alleged in the indictment; rather, "the conspiracy to distribute marijuana was merely a guise to lure the victim to the Eastern District of Missouri." (*Id.* at 2.) Defendant argues that the allegations of Count 2 are dependent upon the legal sufficiency of Count 1. Therefore, if Count 1 is dismissed, Count 2 must be dismissed also.

The government argues that the indictment is legally sufficient on its face, *i.e.*, it alleges the essential elements of the crimes charged against the defendants, including defendant Mitchell, and that the factual argument defendant make creates an issue for trial.

To be legally sufficient on its face, the indictment must contain all the essential elements of each offense charged; it must fairly inform each defendant of the charge against which he must defend; and it must allege sufficient information to allow a defendant to plead a conviction or an acquittal as a bar to a future prosecution. U.S. CONST. amends. V and VI; Fed. R. Crim. P. 7(c)(1); <u>Hamling v. United States</u>, 418 U.S. 87, 117 (l974); <u>United States v. White</u>, 241 F.3d 1015, 1021 (8th Cir. 2001).

Counts 1 and 2 of the indictment allege all the essential elements of the crimes charged in them:

**--Count 1:** each defendant (1) knowingly (2) agreed with another person (3) to violate the federal narcotics laws. <u>See</u> 21 U.S.C. § 846; <u>United States v. Shoffner</u>, 71 F.3d 1429, 1433 (8th Cir. 1995). Count 1 also alleges the period of the conspiracy (beginning at a time unknown to the grand jury but at least including the period between September 25 to 30, 2015 and extending to the date of the indictment (November 18, 2015)), the members of the conspiracy (defendant Mitchell's two co-defendants), the location of the conspiracy (the Eastern District of Missouri), and the controlled substance involved (a quantity of marijuana).

**--Count 2:** each defendant (1) in furtherance of a drug trafficking crime which may be prosecuted in a court of the United States, (2) knowingly (3) possessed (4) a firearm. *See* 18 U.S.C. § 924(c)(1); *Bradshaw v. United States*, 153 F.3d 704, 706 (8th Cir. 1998) (citing and quoting *Muscarello v. United States*, 524 U.S. 125, 126-27 (1998)). Count 2 also alleges that the defendants not only possessed the firearm but brandished it during the period September 25 through September 30, 2015, in the Eastern District of Missouri, in furtherance of the crime of conspiring to distribute marijuana that is charged in Count 1.

As stated, defendant invokes the constitutional requirement for proper venue for the prosecution of crimes in federal court. The Constitution, Article III, Section 2 provides in relevant part, "The trial of all crimes . . . shall be held in the State where the said crimes shall have been committed . . . ." U.S. CONST. art III, § 2, cl. 3. The Sixth Amendment provides in relevant part:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . .

U.S. CONST. amend. VI. As defendant also points out, Federal Rule of Criminal Procedure 18 implements this constitutional requirement by requiring, "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18. *See United States v. Cores*, 356 U.S. 405, 407 (1958). Defendant is entitled to no relief by his arguments at this time.

The grand jury's allegations in an indictment as to the location of the alleged crime establish the venue for trial. *Cf. Beavers v. Henkel*, 194 U.S. 73, 85 (1904). Counts 1 and 2 allege that the respective alleged crimes occurred in this district. Defendant says they did not, and he argues the government's "own theory" is that there was no such alleged conspiracy between him and the alleged kidnapping victim. (ECF No. 99 at 2.) The government does not disclose or argue what its trial evidence will prove, but argues that defendant's challenge to the evidentiary support for Counts 1 and 2 must be litigated at trial. (ECF No. 104 at 2.)

With the allegations described above, Counts 1 and 2 comply with the Constitution and the Federal Rules of Criminal Procedure. Because these counts are legally sufficient on their face, the court should not, as defendant argues, further investigate to determine whether the allegation of where the alleged Count 1 crime was committed is supported by legally obtained and sufficient evidence. *See United States v. Calandra*, 414 U.S. 338, 349-52 (1974); *Costello v. United States*, 350 U.S. 359, 363-64 (1956).

This does not mean that defendant's argument is not litigable. Rather, the venue issue should be litigated at trial. The Eighth Circuit has stated:

> In a criminal case, the question of venue is not merely a legal technicality but a significant matter of public policy. Proof of venue is an essential element of the Government's case. It may be established either by direct or circumstantial evidence. . . . [U]nlike other elements of a crime which must be proved beyond a reasonable doubt, venue need only be proved by a preponderance of the evidence.

*United States v. Netz*, 758 F.2d 1308, 1312 (8th Cir. 1985) (citations omitted) (suggesting submission of venue issue to jury could be by special instruction to the jury); *United States v. Jaber*, 509 F.3d 463, 465 (8th Cir. 2007); *United States v. Moeckly* 769 F.3d 453, 460-61 (8th Cir. 1985) (discussing whether venue was sufficiently in dispute at trial to warrant explicit finding of venue by jury); *United States v. Guerrero*, 2016 WL 297711 at *3 (N.D. Iowa Jan. 22, 2016) (taking judicial notice of venue after trial).

## RECOMMENDATION

For these reasons,

**IT IS HEREBY RECOMMENDED** that the motion of defendant Ortega Mitchell to dismiss the indictment for lack of venue (ECF No. 99) be denied without prejudice to the issue of venue being litigated at trial.

The parties are advised they have 14 days to file documentary objections to this Report and Recommendation. The failure to file timely documentary objections may result in the waiver of the right to appeal issues of fact.

      /s/ David D. Noce  
**UNITED STATES MAGISTRATE JUDGE**

Signed on August 12, 2016.